L. CHRISTOPHER ROSE, ESQ.
Nevada Bar No. 7500
Email:  lcr@juww.com
TYLER N. URE, ESQ.
Nevada Bar No. 11730
Email:  tnu@juww.com
JOLLEY URGA WIRTH & WOODBURY
3800 Howard Hughes Pkwy., #1600
Las Vegas, Nevada 89169
Telephone:     (702) 699-7500
Facsimile:      (702) 699-7555

Attorneys for Plaintiffs Sandy Cooper
and Garden Meadow, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANDY COOPER, an individual, GARDEN MEADOW, INC., a Connecticut Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GALYFORD (HK) LIMITED, a Chinese Company,<br><br>Defendant. | Case No.  2:13-cv-01520-JAD-NJK<br><br><br>**REQUEST TO ENLARGE TIME FOR SERVICE** |

Plaintiffs Sandy Cooper and Garden Meadow ("Plaintiffs"), by and through their attorneys of record, Jolley Urga Wirth & Woodbury, hereby submit this request to enlarge time for service.

Plaintiffs filed this action on August 22, 2013.  Since then, Plaintiffs have attempted to effectuate service on Defendant Pursuant to Fed. R. Civ. P. 4(f)(1) and the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents (hereinafter the "Hague Convention"). Even though Plaintiffs properly served process in this action pursuant to the Hague Convention, the Chinese Ministry of Justice (the "Ministry") refused to effectuate service and returned Plaintiffs' documents.  The return of the documents was accompanied by a letter from the Ministry claiming that they could not serve the documents because the "Chinese translation

doesn't match with the original documents." *See* Letter attached hereto as Exhibit 1.  Rather than actually comparing the text of the original and its translation, the Ministry appears to be relying on the fact that the Chinese translation had more pages than the original as a basis for its rejection.

Plaintiffs encountered similar difficulties in serving Galyford's alter ego, Ningbo Xingqiang Metallic Products Co. Ltd. ("Ningbo") in this case's companion case Cooper, et al v. Ningbo, 2:12-cv-00698-JCM-GWF.  Despite numerous attempts to serve the defendant in that case, the Ministry refused to serve process, each time claiming there was a defect in the papers, such as not being able to find the name and address in of the defendant (despite the fact that the information was conspicuous in a number of places in the documents.)  In fact, it took eleven months and multiple attempts before the Ministry served Ningbo in that action.

Anticipating further difficulties in serving process pursuant to the Hague Convention, Plaintiffs respectfully request that the time for service be extended to February 13, 2014.  Although Plaintiffs are aware that the Fed. R. Civ. P. 4(m) 120-day limitation on service does not apply to service pursuant to Hague Convention and Fed. R. Civ. P. 4(f), Plaintiffs are seeking to preserve their rights to serve Galyford by alternative means.  Further, it is Plaintiffs' desire to also inform this Court of its diligent efforts to serve process in this case and that, based on their prior experiences, it anticipates difficulties in serving Galyford.

Dated this 19th day of December 2013.

JOLLEY URGA WIRTH & WOODBURY

By: */s/ Tyler N. Ure*
L. CHRISTOPHER ROSE, ESQ.
Nevada Bar No. 7500
TYLER N. URE. ESQ.
Nevada Bar No. 11730
3800 Howard Hughes Pkwy, Suite 1600
Las Vegas, Nevada 89169
Telephone No. (702) 699-7500
Facsimile No. (702) 699-7555
Attorneys for Plaintiff Sandy Cooper
and Garden Meadow, Inc.

**ORDER**

IT IS SO ORDERED.
Date: 12/30/2013

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT "1"

# 中 华 人 民 共 和 国 司 法 部
## Ministry of Justice, People's Republic of China
No. 6, Chaoyangmen Nandajie, Chaoyang District, Beijing 100020, China
Tel: +86 10 6515 3113   Fax: +86 10 6515 3144

2013-SXS-1576

Garden Meadow,Inc. by Counsel
L.Christopher Rose,Tyler Ure
Jolley Urga Wirth Woodbury&Standish
3800 Howard Hughes Pkwy
16th Floof,Wwlls Fargo Tower
Las Vegas,NV 89169
U.S.A.

The Request for the service of documents has been received.

We regretfully return your request because it does not comply with the provisions of the Hague Convention on the Service abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter referred to as the Convention), and the Declaration made by the People's Republic of China at the time of its accession. The specific reasons for the return are as follows (the item/items below which is/are marked with X ):

(  ) The address of the person to be served upon is not sufficiently provided (Paragraph 2 of Article 1).
(  ) The form of the Request does not conform to the model annexed to the Convention (Paragraph 1 of Article 3).
(  ) The terms in the Request are not written in the languages specified by the Convention (Article 7).
(  ) The Request and the documents to be served are not furnished in duplicate (Paragraph 2 of Article 3).
(  ) The documents to be served are not written in, or translated into Chinese (Article 5).1
(  ) The case relating to the request does not fall into the scope of the Convention (Paragraph 1 of Article 1).
(  ) The execution of the request would infringe the sovereignty or security of the People's Republic of China (Article 13).

( X ) Others: The Chinese translation doesn't match with the original documents. The Chinese translations are obviously more than the English papers.



International Legal Cooperation Center
Ministry of Justice
People's Republic of China
Done at Beijing, October 9, 2013

Contact: Wang Tailong (Mr.)
Tel: +86 10 6515 3174
Fax: +86 10 6515 3144
Email: wangtailong945@sina.com